*E-FILED - 2/9/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| L. C. HARMON, | ) | No. C 09-5412 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| | ) | |
| vs. | ) | |
| | ) | |
| C. NOLL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

     Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Petitioner challenges the Board of Prison Terms' ("Board") decision denying him parole at his September 12, 2007 parole suitability hearing. The court orders respondent to show cause as to why the petition should not be granted.

**BACKGROUND**

     Petitioner was sentenced to fifteen years-to-life in state prison after his guilty plea to second degree murder in Los Angeles Superior Court. Petitioner challenges the Board's decision denying him parole. Petitioner filed a state habeas petition in the superior court and court of appeal, and a petition for review in the state supreme court. All were denied. The underlying petition was filed on November 17, 2009.

Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.09\Harmon412oscparole.wpd

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.  Petitioner's Claims

As grounds for federal habeas relief, petitioner alleges that the Board's 2007 decision denying parole in violation of petitioner's federally protected right to due process guaranteed by the Fifth and Fourteenth Amendments. Liberally construed, petitioner's allegation is sufficient to require a response.

**CONCLUSION**

1.  The clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2.  Respondent shall file with the court and serve on petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of his receipt of the answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

1  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
2  2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on
3  respondent an opposition or statement of non-opposition within **thirty days** of receipt of the
4  motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen**
5  **days** of receipt of any opposition.

6      4.    It is petitioner's responsibility to prosecute this case. Petitioner is reminded that
7  all communications with the court must be served on respondent by mailing a true copy of the
8  document to respondent's counsel. Petitioner must keep the court and all parties informed of any
9  change of address by filing a separate paper captioned "Notice of Change of Address." He must
10 comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal
11 of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12     IT IS SO ORDERED.
13 DATED:  2/8/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.09\Harmon412oscparole.wpd     3